UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
MARIO LEMUS, individually and on behalf of all others similarly situated,

                              Plaintiff,

-against-

LOCAL GREEK LLC D/B/A SMALL BITES FOR
LOCAL GREEK, BABYC21 LLC D/B/A GREEK
BITES HOPEWELL A/D/B/A LOCAL BBQ HOPEWELL,
LOCAL GREEK LAMBERTVILLE LLC, LOCAL GT3
LLC D/B/A LOCAL GREEK SEAFOOD, LOCAL Q LLC
D/B/A LOCAL GREEK OF PRINCETON, LOCAL GTK
LLC D/B/A GREEK BITES A/D/B/A SMALL BITES,
ANTHONY KANTERAKIS, and GUILLERMO RAMOS,

                              Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

        Plaintiff Mario Lemus, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Local Greek LLC d/b/a Small Bites for Local Greek ("Small Bites"), BabyC21 LLC d/b/a Greek Bites Hopewell a/d/b/a Local BBQ Hopewell ("Hopewell"), Local Greek Lambertville LLC ("Lambertville"), Local GT3 LLC d/b/a Local Greek Seafood ("Seafood"), Local Q LLC d/b/a Local Greek of Princeton ("Princeton"), Local GTK LLC d/b/a Greek Bites a/d/b/a Small Bites ("Greek Bites") (collectively, Small Bites, Hopewell, Lambertville, Seafood, Princeton, and Greek Bites are referred to as the "Restaurants"), Anthony a/k/a "Tony" Kanterakis, and Guillermo Ramos (collectively, the Restaurants, Kanterakis, and Ramos are referred to as "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"); and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* ("NJWPL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under the NJWHL and NJWPL pursuant to 28 U.S.C. § 1367 in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New Jersey.

6. At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2(b).

7. Defendant Small Bites is a domestic limited liability company with its registered office located at 36 East Main Street, Somerville, NJ 08876.

8. Defendant Hopewell is a domestic limited liability company with its principal place of business located at 21 East Broad Street, Hopewell, NJ 08525.

9. Defendant Lambertville is a domestic limited liability company with its principal place of business located at 2 Canal Street, Lambertville, NJ 08530.

10. Defendant Seafood is a domestic limited liability company with its principal place of business located at 9 East Broad Street, Hopewell, NJ 08525.

11. Defendant Princeton is a domestic limited liability company with its principal place of business located at 44 Leigh Ave, Princeton, NJ 08542.

12. Defendant Greek Bites is a domestic limited liability company with its principal place of business located at 20 Nassau Street, Princeton, NJ 08540.

13. The Restaurants are restaurants that serve Greek cuisine.

14. Defendant Anthony Kanterakis is an individual residing, upon information and belief, in the State of New Jersey.

15. Defendant Guillermo Ramos is an individual residing, upon information and belief, in the State of New Jersey.

16. At all relevant times, Kanterakis and Ramos were, and still are, officers, directors, shareholders and/or persons in control of the Restaurants who exercise significant control over the company's operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

17. Ramos and Kanterakis jointly hired Plaintiff.

18. Ramos was in charge of the day-to-day operations at Princeton, setting employee schedules and issuing directives and/or discipline to Plaintiff and other employees as needed.

19. Ramos also made recommendations about firing employees to Kanterakis, who made the final decision on all personnel matters.

20. Kanterakis set employees' rates of pay, reviewed the hours the employees worked, and issued their paychecks, including for Plaintiff.

21. Upon information and belief, at all relevant times, the Restaurants had common owners, officers, and directors and were controlled by Kanterakis.

22. Kanterakis is listed as the authorized representative for each of the Restaurants on their respective certificates of formation.

23. Kanterakis is listed as the owner and operator of the Local Greek Restaurant Group on the website [https://www.eatlocalgreek.com](https://www.eatlocalgreek.com), which states that the Local Greek Restaurant Group includes Lambertville, Seafood, and Princeton.

24. Each of the Restaurants are promoted as part of the "Local Greek Restaurant Group" on the Instagram account @eatlocalgreek.

25. Princeton's website, [localgreekprinceton.com](localgreekprinceton.com), references Greek Bites and Lambertville in its "Our Story" section and lists Kanterakis as Princeton's owner and operator.

26. Lambertville's website, [localgreeklambertville.com](localgreeklambertville.com), references Greek Bites and Princeton in its "Our Story" section and lists Kanterakis as Lambertville's owner and operator.

27. Greek Bites' website, [eatgreekbites.com/Princeton](eatgreekbites.com/Princeton), refers to Greek Bites as the fast casual brand of Local Greek and currently directs customers to order from its parent location, Princeton, while Greek Bites is temporarily closed due to construction.

28. During Plaintiff's employment, the Restaurants shared ingredients with one another, such as produce and raw materials for cooking.

29. During Plaintiff's employment, the Restaurants also shared employees and at times required employees to work at two different locations in the same day.

4

30. During Plaintiff's employment, Plaintiff received wage payments from Greek Bites, Hopewell, Small Bites, Seafood, and Lambertville.

31. At all relevant times, Defendants set Plaintiff's schedule and rates of pay, compensated Plaintiff, determined his day-to-day activities, and supervised his performance.

32. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

33. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

34. Upon information and belief, Defendants' revenues are in excess of the $500,000.00 per year minimum required to fall within the jurisdiction of the FLSA.

35. Defendants operate in interstate commerce by, among other things, ordering ingredients and supplies from outside of New Jersey and serving customers from other states.

36. Defendants are covered employers within the meaning of the FLSA, the NJWHL, and the NJWPL and, at all relevant times, employed Plaintiff.

37. Defendants are subject to suit under the statutes referenced above.

### III. FLSA Collective Action Allegations

38. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

39. The FLSA Collective Plaintiffs consist of no less than twenty-five (25) similarly situated current and former cooks, bussers, dishwashers employed by Defendants who worked in excess of forty (40) hours per week but were not paid the required overtime wages and are victims

of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them their rightful pay.

40. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week.

41. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

42. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

43. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Rule 23 Class Allegations

44. The Second and Third Causes of Action in this Complaint are brought by Plaintiff on behalf of himself and similarly situated persons who were employed by Defendants as cooks, bussers, and dishwashers since the date six (6) years prior to the filing of this Complaint (the "Class Period") pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23.

45. All said persons are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of

Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

46. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts from which to calculate that number are presently within the sole control of Defendants, upon information and belief, there are no less than forty (40) members in the Class.

47. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

48. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests adverse to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour cases.

49. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants.

50. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

51. Because the losses, injuries, and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

52. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

53. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

54. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

   a. Whether Defendants unlawfully failed to compensate Class members at the applicable overtime rate for hours worked over forty (40) hours per week, in violation of N.J.S.A. 34:11-56a(4)

   b. Whether Class members are entitled to damages, and if so, the means of measuring such damages;

   c. Whether Defendants are liable for Class members' attorneys' fees and costs; and

   d. Whether Defendants are liable for liquidated damages.

### V. Factual Allegations

55. Defendants employed Mr. Lemus as a cook at Princeton from on or around March 1, 2022 until on or around April 28, 2023.

56. As a cook, Mr. Lemus' job duties included gathering ingredients and preparing food for customers.

57. Throughout his employment with Defendants, Mr. Lemus regularly worked six (6) days per week, as follows: Mondays, Tuesdays, Thursdays, and Fridays from approximately 11:00 a.m. to 10:00 p.m., and Saturdays and Sundays from approximately 9:00 a.m. to 10:00 p.m., for a total of approximately seventy (70) hours per week, although Mr. Lemus occasionally worked fewer hours if the restaurant was slow.

58. Mr. Lemus was rarely afforded meal or rest breaks during his shifts and typically ate his meals while working. On the rare occasions that Mr. Lemus was able to take a break, it typically lasted no more than five (5) to ten (10) minutes.

59. Throughout his employment, Mr. Lemus was paid at fixed hourly rates for all hours worked, including those over forty (40) per week.

60. From the start of his employment until in or around June 2022, Mr. Lemus was paid $19.00 per hour.

61. From in or around June 2022 until the end of his employment, Mr. Lemus was paid $21.00 per hour.

62. Defendants violated federal and state laws by failing to pay Mr. Lemus overtime wages equal to one and one-half (1.5) times his regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

<u>Claims Common to Plaintiff, the FLSA Collective Plaintiffs, and the Class</u>

63. Plaintiff, the FLSA Collective Plaintiffs, and the Class were non-exempt employees who were entitled to be paid overtime wages equal to one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

64. Although Plaintiff, the FLSA Collective Plaintiffs, and the Class worked more than forty (40) hours per week during their employment, Defendants failed to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class overtime wages equal to one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the Fair Labor Standards Act)*

65. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

66. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

67. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

68. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) in a week.

69. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

70. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of their unpaid overtime wages.

71. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
*(Overtime Violations under the NJWHL)*

72.  Plaintiff, individually and on behalf of the Class, repeats and realleges all prior allegations set forth above.

73.  Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff and the Class were entitled to overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

74.  Plaintiff and the Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

75.  Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the Class overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

76.  As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class the required overtime wages, Plaintiff and the Class have been damaged and are entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

77.  As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Class are entitled to liquidated damages in an amount equal to two-hundred percent (200%) of their unpaid overtime wages.

78. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
*(Failure to Timely Pay Wages in Violation of the NJWPL)*

79. Plaintiff, individually and on behalf of the Class, repeats and realleges all prior allegations.

80. At all relevant times, Defendants failed to pay Plaintiff and the Class the full amount of wages due to them at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

81. Defendants also failed to pay Plaintiff and the Class all wages due to them not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

82. As a result of Defendants' violations of the law and failure to pay Plaintiff and the Class all wages due, including overtime wages, Plaintiff and the Class have been damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

83. Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Third Cause of Action in the amount of their respective unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action on behalf of Plaintiff and the Class for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action on behalf of Plaintiff and the Class for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.

Dated: New York, New York
       November 9, 2023

>                     */s/ Adam Sackowitz*
>                     Adam Sackowitz
>                     Katz Melinger PLLC
>                     370 Lexington Avenue, Suite 1512
>                     New York, New York 10017
>                     T: (212) 460-0047
>                     F: (212) 428-6811
>                     ajsackowitz@katzmelinger.com
>                     *Attorneys for Plaintiff*